UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO. 3:07-cr-79-1-W

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **CONSENT ORDER AND** |
| | ) | **JUDGMENT OF FORFEITURE** |
| PATRICK SCHWENKE, | ) | |
| | ) | |
| Defendant. | ) | |

BASED UPON the defendant's plea of guilty, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the defendant has pled guilty and that the defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. the following property is forfeited to the United States pursuant to 18 U.S.C. §924(d), 18 U.S.C. §982, 18 U.S.C. §3665, 21 U.S.C. §853, 26 U.S.C. §5872, and/or 28 U.S.C. §2461(c):

   a. Wachovia Account Number (last four digits) 4277

   b. Clearview Federal Credit Union Account Number (last five digits) 6223-9

   c. Clearview Federal Credit Union Account Number (last six digits) 1394-S9

   d. Clearview Federal Credit Union Account Number (last five digits) 6223-0

   e. Suntrust Account Number (last four digits) 7673

   f. Suntrust Account Number (last four digits) 5304

   g. Carolina Central Account Number (last four digits) 7673

   h. Bank of America Account Number (last four digits) 2987

   i. Bank of America Account Number (last four digits) 0937

   j. U.S. Airways Federal Credit Union Account Number (last four digits) 6406

   k. A Mossberg 12-gauge shotgun recovered from PATRICK SCHWENKE's residence

  l. $83,000 in cash recovered from PATRICK SCHWENKE's residence

  m. A watch recovered from PATRICK SCHWENKE's residence

  n. A 2007 Toyota 4Runner VIN JTEBU14RX70114928

  o. A 2006 Lincoln Mark LT VIN 5LTPW165X6FJ04200

  2. the United States Marshal and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described tangible property;

  3. upon the seizure of any property to satisfy all or part of the judgment, the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this forfeiture as required by law;

  4. any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest;

  5. following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

/

/

/

/

/

/

/

/

/

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 18 U.S.C. §924(d), 18 U.S.C. §982, 21 U.S.C. §853, 26 U.S.C. §5872, and/or 28 U.S.C. §2461(c). The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant.

GRETCHEN C. F. SHAPPERT
UNITED STATES ATTORNEY

Steven R. Kaufman
Assistant United States Attorney

Patrick Schwenke
Defendant

Harold Bender, Esq.
Attorney for Defendant

Signed this the 27th day of June 2007.

The Honorable Carl Horn, III
UNITED STATES MAGISTRATE JUDGE

3